IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Jury Trial Demanded |
| | ) | |
| THE PEOPLES GAS LIGHT AND COKE, COMPANY AND WEC ENERGY GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, JERRY GROSS, by and through his attorneys, Law Office of J. Paula Roderick, P.C., brings this civil action for damages resulting from the unlawful discriminatory employment practices and actions of the Defendants, The Peoples Gas Light and Coke Company and WEC Energy Group, Inc. (collectively Defendants or WEC Energy).

## NATURE OF ACTION, JURISDICTION, AND VENUE

1. Plaintiff is alleging violations of his civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* and the Americans with Disabilities Act of 2008 (the "ADA"), the Age Discrimination and Employment Act of 1967 (the "ADEA"), as amended, and retaliatory discrimination in employment under 42 U.S.C. § 1981.

2. Jurisdiction is specifically conferred on this Court under Title VII, the ADA, the ADEA, and 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Plaintiff's cause of action arose in Cook County, Illinois, and the Defendants are doing business in and found within the boundaries of the Northern District of Illinois, Eastern Division.

4. Plaintiff has met all of the administrative prerequisites to bringing this lawsuit in that he timely filed a charge of discrimination based on race, disability and age discrimination, and retaliation for having exercised his civil rights, with the Equal Employment Opportunity Commission (the "EEOC"). On January 31, 2017, Plaintiff received the copy of a Notice of Right to Sue, dated January 27, 2017. A copy of Plaintiff's EEOC charge is attached as Exhibit A; a copy of the Notice of Right to Sue is attached as Exhibit B.

**PARTIES**

5. Plaintiff, Jerry Gross, date of birth, June 18, 1952, resides in the City of Chicago, County of Cook, State of Illinois. Plaintiff became employed by Defendants on or about June 4, 2012 in the position of Safety Consultant, within the Human Resources Department. Plaintiff was assigned to the Central Shop. Throughout his tenure, Plaintiff performed work at other locations as well, including but not limited to, North and South Shops and Division Street. Prior to becoming employed by Defendants, Plaintiff had substantial work experience in the area of human resources with other large corporations.

6. Defendant, Peoples Gas Light & Coke Company (hereafter "Peoples Gas"), is a natural gas utility company operating, doing business in and incorporated in the State of Illinois. In 2015, WEC Energy Group, Inc., a Midwestern electric and natural gas delivery company serving 4.4 million customers in Wisconsin, Illinois,

Michigan and Minnesota acquired Peoples Gas. Peoples Gas operated as a separate utility company within WEC Energy Group, Inc. In 2015, WEC Energy Group Inc. had revenue of $503.4 million from its Illinois operations, which is made up entirely of Peoples Gas.

**FACTS**

7. Plaintiff began employment with Defendants on June 4, 2012, in the position of Safety Consultant. At the time, Plaintiff was one of seven African Americans in the Human Resources department, in which there were at least 95 positions. Based on information and belief, African Americans only occupied lower level positions within the department.

8. Plaintiff is an African American male, over 40 years of age.

9. Plaintiff is a person with a disability as defined by the ADA. Plaintiff has medical conditions including osteoarthritis.

10. Throughout his employment with Defendant, Plaintiff performed his duties and responsibilities in a manner, which met and/or exceeded Defendant's reasonable job expectations of him.

11. For most of Plaintiff's tenure with Defendants, Plaintiff reported to Chuck Wagner, non-African American, not disabled, and substantially younger than Plaintiff. When Plaintiff started work as a junior level Safety Consultant, he was trained by a senior level Safety Consultant. When that consultant was transferred, Plaintiff was required to perform his duties and those of the senior Safety Consultant, although Plaintiff did not receive either a promotion or pay raise.

12. Plaintiff repeatedly sought promotion and transfer opportunities, but was repeatedly denied those opportunities. From 2012, and continuing through May 28, 2015, Plaintiff was routinely denied promotions to positions for which other younger, less qualified, non African American, and non-disabled employees were promoted.

13. Based on information and belief, other African Americans have complained about the failure to promote qualified African Americans. Many of these employees have resigned rather than work in an environment where African Americans are not given promotional opportunities and are subject to a hostile intimidating environment.

14. Plaintiff has a disability, within the meaning of the ADA. Plaintiff has osteoarthritis in his right ankle. Due to his condition, Plaintiff was caused to take a medical leave starting in or about December 2013, and had four surgeries throughout the period, until being released to return to work with restrictions in or about December 2014. Plaintiff's condition is exacerbated, among other things, by excessive walking up and down stairs. At all times, Plaintiff was able to perform the essential functions of his job, with reasonable accommodations.

15. Plaintiff requested a reasonable accommodation, verbally and in writing to his manager, Chuck Wagner. Throughout the time prior to Plaintiff filing his formal EEOC charge, Defendants failed to respond to Plaintiff's requests.

16. Plaintiff was given additional duties and responsibilities of positions, other than his position. Throughout his tenure, Plaintiff was required to train other, younger, non-Black employees who were treated more favorably than plaintiff in work

assignments and training. However, Plaintiff was not given a promotion, nor was he given a higher salary, but rather Plaintiff was given more work assignments.

17. Plaintiff complained about discriminatory treatment given to him because of his race, age, and/or disability.

18. Despite Plaintiff's complaints, Defendants failed to address his complaints, and continued to subject him to race, age, and disability discrimination, and otherwise subjected him to a hostile environment.

**COUNT I: RACE DISCRIMINATION – FAILURE TO PROMOTE**

19. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 as paragraph 19 of Count I.

20. Throughout his tenure with Defendant, Plaintiff has sought promotions to positions for which he was well qualified.

21. Defendants denied Plaintiff promotions to such positions, while promoting other individuals who were non-African American, and were less qualified.

22. Based on information and belief, throughout his tenure with Defendants, other African American males have also been denied promotions, and subjected to disparate treatment.

23. Plaintiff complained about the disparate treatment in the failure to promote himself and other African Americans, to no avail. Instead, Defendants gave Plaintiff unfair performance evaluations that did not reflect his work performance, in an attempt to negatively affect his chances of promotion.

24. Defendants failed to respond to Plaintiff's complaints.

25. Defendants discriminated against Plaintiff on the basis of his race, African American.

26. Defendants' actions caused Plaintiff great mental anguish, humiliation, and anxiety, exacerbated his medical problems, and caused other emotional and psychological distress.

WHEREFORE, Plaintiff prays that this Court:

a. Award loss income, wages, and benefits;

b. Award compensatory and punitive damages;

c. Award promotional opportunities commensurate with Plaintiff's experience, knowledge, skills, and abilities, and within his reasonable accommodations, direct Defendants to rescind the negative performance evaluations that hindered his promotional opportunities, and otherwise make Plaintiff whole;

d. Award prejudgment interest, reasonable attorneys' fees and costs;

e. Order Defendants to go through diversity training; and,

f. Award any other relief that the Court deems just and equitable.

## COUNT II: RACE DISCRIMINATION – HOSTILE ENVIRONMENT

27. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 as paragraph 27 of Count II.

28. Throughout his tenure with Defendant, Plaintiff has sought promotions to positions for which he was well qualified.

29. Defendant denied Plaintiff promotions to such positions, while promoting other individuals who were non-African American, and were less qualified.

30. Plaintiff was subjected to negative work evaluations; in an attempt to limit Plaintiff's chances of being promoted;

31. Plaintiff was made to take on duties and responsibilities that no one else was willing to perform; Plaintiff was given the last choice on work assignments and required to take on increasingly more responsibility, despite being employed in a junior level pay grade. When Plaintiff's senior level safety consultant transferred out of the department, these responsibilities increased, although Plaintiff did not receive either a promotion or increase in pay.

32. Defendants discriminated against Plaintiff on the basis of his race, African American, and otherwise subjected him to a racially hostile environment.

33. Defendants' actions caused Plaintiff great mental anguish, humiliation, and anxiety, exacerbated his medical problems, and caused other emotional and psychological distress.

WHEREFORE, Plaintiff prays that this Court:

a. Award loss income, wages, and benefits;

b. Award compensatory and punitive damages;

c. Award promotional opportunities commensurate with Plaintiff's experience, knowledge, skills, and abilities, and within his reasonable accommodations, direct Defendants to rescind the negative performance evaluations that hindered his promotional opportunities, and otherwise make Plaintiff whole;

d. Order Defendants to go through diversity training;

e. Award prejudgment interest, reasonable attorneys' fees and costs; and,

f. Award any other relief that the Court deems just and equitable.

## COUNT III: DISABILITY DISCRIMINATION

34. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 as paragraph 34 of Count III.

35. Plaintiff has a disability which includes osteoarthritis, which condition affects Plaintiff's abilities to walk long distances and climb stairs, and which limits one or more of his major life activities.

36. Defendants were aware of and/or perceived Plaintiff as suffering from a disability within the meaning of the ADA. Plaintiff made his immediate supervisor, Chuck Wagner, and Susan Todey, Business consultant, aware of his need for accommodations, both in writing and verbally.

37. Defendants treated Plaintiff differently and less favorably than similarly situated employees whom it did not regard as suffering from a disability within the meaning of the ADA.

38. Plaintiff was able to perform the essential functions of his position with a reasonable accommodation and Defendants had available work, which Plaintiff could perform.

39. Defendants were under a duty to accommodate Plaintiff's disability within the context of the ADA, which Defendants failed to do although accommodations were available.

40. Defendants refused to engage in the interactive process when Plaintiff requested accommodations. Despite Plaintiff's requests, Defendants continued to demand return to work forms, instead of responding to his requests.

41. Defendants failed to promote Plaintiff to positions for which he was well qualified, and which would have required less physical activity, in an effort to further harass Plaintiff and subject him to disability related animus.

42. Plaintiff was subjected to negative comments about his disabling condition during work meetings. When Plaintiff complained, Plaintiff's supervisor continued to make negative comments. Plaintiff then complained further about his supervisor's behavior. Defendants failed to respond.

43. Defendants were under a duty not to discriminate against Plaintiff based on his disability and requests for accommodations.

44. In violating the ADA, Defendants acted with malice and/or reckless indifference to Plaintiffs' federally protected rights.

45. Defendants' actions caused Plaintiff great mental anguish, humiliation, and anxiety, exacerbated his medical problems, and caused other emotional and psychological distress.

WHEREFORE, Plaintiff prays that this Court:

a. Award loss income, wages, and benefits;

b. Award compensatory and punitive damages;

c. Award promotional opportunities commensurate with Plaintiff's experience, knowledge, skills, and abilities, and within his reasonable accommodations, direct Defendants to rescind the negative performance evaluations that hindered his promotional opportunities, and otherwise make Plaintiff whole;

d. Order Defendants to go through diversity training;

e. Award prejudgment interest, reasonable attorneys' fees and costs; and,

f. Award any other relief that the Court deems just and equitable.

## COUNT IV: AGE DISCRIMINATION

46. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 as paragraph 46 of Count IV.

47. Plaintiff was over forty years old at all relevant times.

48. Based on information and belief, younger employees similarly situated to Plaintiff were promoted to positions for which Plaintiff was well qualified.

49. Plaintiff was made to train younger, less qualified candidates for positions which he sought, but was denied.

50. Age was a motivating factor and made a difference in the decision to refuse to promote Plaintiff.

51. In violating the ADA, Defendants acted with malice and/or reckless indifference to Plaintiffs' federally protected rights.

52. Defendants' actions caused Plaintiff great mental anguish, humiliation, and anxiety, exacerbated his medical problems, and caused other emotional and psychological distress.

WHEREFORE, Plaintiff prays that this Court:

a. Award loss income, wages, and benefits;

b. Award compensatory and punitive damages;

c. Award promotional opportunities commensurate with Plaintiff's experience, knowledge, skills, and abilities, and within his reasonable accommodations, direct Defendants to rescind the negative performance

evaluations that hindered his promotional opportunities, and otherwise make Plaintiff whole;

d. Order Defendants to go through diversity training;

e. Award prejudgment interest, reasonable attorneys' fees and costs; and,

f. Award any other relief that the Court deems just and equitable.

## COUNT V: RETALIATION

53. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 as paragraph 53 of Count V.

54. Section 1981 makes it unlawful for an employer to retaliate against an employee because that employee engaged in protected activity, such as complaining to an employer about discrimination on the job.

55. Plaintiff exercised his rights under WEC's policies when he complained of race, age, and disability discrimination. Plaintiff filed an internal complaint with Bill Lasko, Vice President of Human Resources and also with John Klycinski, Manager of Human Resources/Labor at the time when he complained about not being promoted; Plaintiff further complained about not being promoted into the Senior Safety Consultant's position.

56. Plaintiff requested a reasonable accommodation for his disabling condition. Thereafter, Plaintiff complained that Defendants failed to respond to his requests, and also that his supervisor made negative disability related comments.

57. After Plaintiff complained to Bill Lasko, Plaintiff's supervisor Chuck Wagner began to treat Plaintiff in a demeaning and humiliating manner. Plaintiff's co-workers were permitted to pass on assignments, but Plaintiff was not. Plaintiff was told

to make coffee and set up the room for Chuck Wagner's class, while others were not given those tasks. Plaintiff was made to instruct classes for a junior level non –African American coworker who did not show up to conduct her scheduled training classes. Plaintiff was not assigned to classes to improve his safety consulting skills; others were routinely assigned to such classes.

58. On or about August 10, 2015, Plaintiff complained about lack of advancement opportunities for minorities, male and female, and his own lack of advancement opportunities as an African American male.

59. After Plaintiff complained to Defendants about the discriminatory statements made by his supervisor, the harassment became worse.

60. Defendants continued to discriminate against Plaintiff on basis of his race, age, and/or disability in the terms and conditions of his employment, to subject Plaintiff to a hostile environment, and to continue to deny him promotional opportunities, such discrimination was an unlawful act of retaliation.

61. Defendants took adverse actions against Plaintiff in retaliation for engaging in protected activity, in violation of 42 U.S.C. § 1981.

62. Defendants' actions caused Plaintiff great mental anguish, humiliation, and anxiety, exacerbated his medical problems, and caused other emotional and psychological distress.

WHEREFORE, Plaintiff prays that this Court:

a. Award loss income, wages, and benefits;

b. Award compensatory and punitive damages;

c. Award promotional opportunities commensurate with Plaintiff's experience, knowledge, skills, and abilities, and within his reasonable accommodations, direct Defendants to rescind the negative performance evaluations that hindered his promotional opportunities, and otherwise make Plaintiff whole;

d. Order Defendants to go through diversity training;

e. Award prejudgment interest, reasonable attorneys' fees and costs; and,

f. Award any other relief that the Court deems just and equitable.

Respectfully submitted,

JERRY GROSS,

By:_____
One of Plaintiff's Attorneys

J. Paula Roderick (ARDC No. 6199353)
Law Office of J. Paula Roderick, P. C.
Attorneys at Law
150 N. Michigan Ave., Suite 2800
Chicago, Illinois 60601
312-338-1907